# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 1:15-cr-00149-LJO-SKO-1 |
|---|---|
| Plaintiff, | **DECISION AND ORDER GRANTING MOTION TO STAY RESENTENCING (ECF NO. 75) AND MOTION TO VACATE RESENTENCING DATES (ECF NO. 78)** |
| v. | |
| BRYSON LAPAUL BLAIR, Aka Bryson LePaul Blair | |
| Defendant. | |

The Court has received and reviewed both Defendant Bryson LaPaul Blair's motion to stay sentencing, ECF No. 75, and the Government's opposition. ECF No. 79. The Court has also reviewed Defendant's motion to vacate the resentencing dates. ECF No. 78.

Defendant's arguments are persuasive. If a panel of the Ninth Circuit in *United States v. Nickles*, C.A. No. 17-10206, ultimately rules in a way that bolsters Defendant's position, such a ruling may impact materially the pending re-sentencing in this matter. Although the United States is correct that this Court is bound to follow both the letter and the spirit of the Ninth Circuit's mandate in this case, wherein this Court was instructed to resentence Defendant in accordance with *Beckles v. United States*, __U.S.__, 137 S.Ct. 886 (2017), *see* ECF Nos. 66, 70, the Court does not believe a stay pending a ruling in *Nickles* runs afoul of either the letter or the spirit of that mandate. This Court has discretion to manage its docket in a manner that promotes efficiency for both the Court and the parties.

In addition, the Court does not agree with the Government's suggestion that Defendant waived

1

the right to seek a stay here by failing to request that the Ninth Circuit stay the mandate in his appeal. Fed. R. App. Pro. 41(d) only allows for a stay under limited circumstances (e.g., if a Defendant files a petition for re-hearing or if a petition for certiorari is pending). It is at least arguable that, because the issues raised in *Nickles* had not yet been perfected for appeal in this case, Defendant could not have pursued any avenues that would have permitted a stay of the mandate in this case based upon *Nickles*.

The Court notes that because Defendant's sentence has been vacated, his September 2018 release date no longer has any application. Therefore, as a result of his request and the Court's granting it, Defendant runs the risk that September will come and go before the Ninth Circuit rules in *Nickles*.

Accordingly, Defendant's motion to stay resentencing is GRANTED. Resentencing is stayed until the Ninth Circuit rules in *Nickles* and any and all re-sentencing deadlines are VACATED. Within ten days of the issuance of a Mandate in *Nickles*, the parties shall propose to the Court a schedule for the completion of re-sentencing/remand.

IT IS SO ORDERED.

Dated: **February 2, 2018**            /s/ Lawrence J. O'Neill
                                         UNITED STATES CHIEF DISTRICT JUDGE